IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-573-FL

| | | |
|---|---|---|
| HUSSEIN ALTAWEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LONGENT LLC and RICKY ANTHONY YOUNGBAR, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. (DE 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert B. Jones, Jr., entered a memorandum and recommendation ("M&R"), wherein it is recommended that defendants' motion be granted in part and denied in part. (DE 28). No objections to the M&R have been filed, and the time within which to make any objection has expired. In this posture, the issues raised are ripe for ruling. For the following reasons, the court adopts the M&R, and grants in part and denies in part defendants' motion.

STATEMENT OF THE CASE

Plaintiff commenced this action on December 19, 2019, and filed the operative amended complaint March 9, 2020, alleging discrimination, retaliation, and hostile work environment on the basis of religion and national origin, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). Plaintiff also asserts claims of negligent infliction of emotional distress; intentional infliction of emotional distress; fraudulent

misrepresentation; and negligent hiring, retention, and supervision. Plaintiff seeks compensatory and punitive damages, as well as interest, fees, costs, and trial by jury.

Defendants filed the instant motion on March 23, 2020, seeking dismissal of plaintiff's Title VII claims against defendant Ricky Anthony Youngbar ("Youngbar") pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismissal of plaintiff's negligent infliction of emotional distress; intentional infliction of emotional distress; negligent hiring, retention, and supervision; and fraudulent misrepresentation claims against both defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff responded in opposition on April 13, 2020, and defendants did not reply in support of the motion.

On July 1, 2020, the parties filed a stipulation, dismissing without prejudice plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress claims. M&R entered on July 24, 2020, recommending that the court dismiss plaintiff's Title VII claims against defendant Youngbar and allow to proceed plaintiff's Title VII claims against defendant Longent LLC ("Longent") as well as plaintiff's negligent hiring, retention, and supervision and fraudulent misrepresentation claims against both defendants.[1]

**STATEMENT OF FACTS**

The court incorporates herein the summary of alleged facts, as set forth in the M&R, for ease of reference.

> [Plaintiff] Altaweel is a United States citizen of Iraqi national origin, and he is a practicing Muslim. Am. Comp. [DE-13] ¶¶ 8–9. [Defendant] Longent hired Altaweel in August 2015 as a Project Manager. *Id.* ¶ 23. As part of its regular business practice, Longent would recruit foreign nationals with the promise that it would provide pay raises and promotions, but it would fail to do so. *Id.* ¶¶ 26–27. Altaweel received positive performance reviews in 2015 and 2016, but his salary was lower than similarly situated employees of different religions and national

---

[1] The magistrate judge also recommended denying as moot defendants' motion to dismiss plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress, where the parties filed stipulation of dismissal as to those claims.

origins, and Altaweel did not receive any increase in salary even though similarly situated employees of different religions and national origins did receive raises. Id. ¶¶ 25, 28–30. Altaweel repeatedly sought career advancement with Longent, including applying for the position of Operations Director in July 2017, but Longent did not interview him for the position. Id. ¶¶ 33–36. Instead, [defendant] Youngbar offered the position to a less-qualified, non-Muslim, natural-born United States citizen. Id. ¶ 37. Altaweel also communicated interest in promotions to an Area Manager position in November 2017 and to the Chief Operating Officer position in July 2018, but he was not interviewed for either job. Id. ¶¶ 38–46.

Additionally, in July 2018, Longent provided pizza to some of its employees, and nearly all of the pizza was topped with pork products, which are prohibited by Altaweel's faith. Id. ¶¶ 47–48. At that time, Altaweel informed Youngbar that Muslims cannot eat pork. Id. ¶ 49. However, a few weeks later, Altaweel told his cowokers that he was going out for lunch, and Youngbar said, "I have some lunch here . . . It's pork, it's good, and you should try it." Id. ¶ 50.

Prior to August 7, 2018, Altaweel requested August 23 and 24 as paid time off to celebrate Eid al-Adha with his family. Id. ¶ 53. The employee handbook provided that employees may use paid time off for religious observance, and leave must be requested through their Manager two weeks prior to the event. Id. ¶ 55. Altaweel had enough paid time off for the request, and he made it in a timely manner, but Defendants did not respond to Altaweel's request prior to August 24. Id. ¶¶ 56–61. Youngbar told Altaweel, "we have our own holidays in this country," "aren't those holidays enough for you?" and "you need to think about your career." Id. ¶ 62. In November 2018, Defendants cited Altaweel for "not requesting PTO ahead of time for planned events." Id. ¶ 63. In May 2019, Altaweel requested time off on two mornings to care for his daughter, who was hospitalized. Id. ¶ 73. The employee handbook does not require a request for time off to be made two weeks in advance "in unforeseeable cases, such as sudden illness." Id. ¶ 74. On May 10, 2019, Defendants terminated Altaweel's employment. Id. ¶ 75.

(M&R (DE 28) at 1-3).

## COURT'S DISCUSSION

A.    Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level."

Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Analysis

In this case, the magistrate judge thoroughly and cogently addresses the issues raised by defendants' motion to dismiss. Upon careful review of the M&R and of the record generally, having found no clear error, the court hereby adopts the recommendation of the magistrate judge as its own, and, for the reasons stated therein, defendants' motion is granted in part and denied in part.

**CONCLUSION**

Based on the foregoing, the court ADOPTS the recommendation in the M&R. (DE 28). Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. In particular, plaintiff's Title VII claims against defendant Youngbar are dismissed without prejudice.

4

Plaintiff's Title VII claims against defendant Longent and plaintiff's claims against both defendants for negligent hiring, retention, and supervision and fraudulent misrepresentation are allowed to proceed. Defendants' motion to dismiss plaintiff's negligent infliction of emotional distress and intentional infliction of emotional distress claims against both defendants is denied as moot, where the parties filed stipulation of dismissal as to those claims.

    SO ORDERED, this the 24th day of August, 2020.

                                      LOUISE W. FLANAGAN
                                      United States District Judge

5

Case 5:19-cv-00573-FL   Document 29   Filed 08/24/20   Page 5 of 5